UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TEATER,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CITY OF ATWATER, et al.,<br><br>　　　　Defendants | CASE NO. 1:16-CV-0642 AWI SKO<br><br>ORDER VACATING JULY 18, 2016 HEARING, ORDER ON PARTIES' STIPULATION AND PLAINTIFF'S MOTION TO AMEND, AND ORDER REMANDING MATTER TO THE MERCED COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 6, 11 ) |

　　This is an employment discrimination case that was removed from the Merced County Superior Court on the basis of federal question jurisdiction. Specifically, Plaintiff's sixth cause of action alleges a claim under 42 U.S.C. § 1983. See Doc. No. 1-1 at ¶¶ 79-90.

　　On June 8, 2016, Plaintiff filed a motion to amend his complaint and motion to remand. See Doc. No. 6. Citing Rule 15(a)(2), Plaintiff requested permission to amend his complaint by deleting the sixth cause of action. See id. With the deletion of the sixth cause of action, Plaintiff then requested that this case be remanded under 28 U.S.C. § 1447(c) because no other basis for federal subject matter jurisdiction existed. See id. Hearing on this motion is set for July 18, 2016.

　　On June 30, 2016, the parties filed a stipulation. See Doc. No. 11. The parties stipulate to dismiss Plaintiff's sixth cause of action with prejudice, dismiss Defendant Tyna Lamison with prejudice, and that the case should be remanded to the Merced County- Superior Court. See id. The stipulation is signed by counsel for all parties. See id.

　　The Court will give effect to the parties' stipulation.

First, pursuant to the stipulation for dismissal with prejudice and Federal Rule of Civil Procedure 41, Defendant Tyna Lamison was automatically dismissed from this case with the filing of the stipulation. See Fed. R. Civ. P. 41(a)(1)(A); Yesh Music v. Lakewood Church, 727 F.3d 356, 362 (5th Cir. 2013); Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). Therefore, Tyna Lamison is no longer a party. See id. The Court will order the docket to reflect this automatic dismissal.

Second, pursuant to the parties' stipulation, Plaintiff's sixth cause of action will be dismissed with prejudice. Plaintiff's Rule 15(a) motion to amend will be granted in order to reflect the dismissal of the sixth cause of action.

Third, under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). With the dismissal with prejudice of the sixth cause of action, there are no claims over which this Court has original jurisdiction. The Court will not exercise supplemental jurisdiction over the remaining state law claims. See id.; Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992). Instead, in accord with the parties' stipulation, the Court will remand this case to the Merced County Superior Court. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (". . . it is generally preferable for a district to remand remaining pendent claims to state court."); Dean v. City of Fresno, 546 F.Supp.2d 798, 821 (E.D. Cal. 2008).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 41(a)(1)(A) and the stipulated dismissal with prejudice of Defendant Tyna Lamison, the Clerk shall change the docket to reflect that Defendant Tyna Lamison was TERMINATED from this case as of June 30, 2016;

2. Pursuant to the parties' stipulation, Plaintiff's sixth cause of action is DISMISSED with prejudice and Plaintiff's motion to amend (Doc. No. 6) is GRANTED, but only to reflect that the sixth cause of action has been dismissed with prejudice;

3.   Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; and

4.   The Clerk shall REMAND this matter forthwith to the Merced County Superior Court.

IT IS SO ORDERED.

Dated:   July 5, 2016                              _____
                                                                SENIOR DISTRICT JUDGE